[Civ. No. 5521. First Appellate District, Division Two.—May 24, 1926.]

F. E. PEARSON, Respondent, v. ROY L. JUAREZ et al., Appellants.

[1] Contracts — Performance — Pleading—Action for Money—Accounting.—Where a written contract relating to the division of the interests of the parties in certain garages expressly provides for an accounting as to the book accounts, stock, supplies, etc., and, in an action by one of said parties to recover a sum of money agreed to be paid to him by the others, said contract is pleaded *in haec verba*, it is not necessary that the defendants in their pleadings demand an accounting, but they are justified in relying upon a performance of the contract; and this is particularly so where the plaintiff alleges that he demanded a performance of the contract in all its terms, including an equitable adjustment of all the differences between the parties, and from the filing of the complaint to the end of the trial the defendants are led to believe that an accounting will be had.

[2] Id. — Evidence — Final Judgment — Prejudice.—In such action, where the undisputed evidence shows that plaintiff and defendants

were the owners in equal proportions of all the shares of stock of the corporation which owned the garages in question, and that plaintiff had collected outstanding accounts belonging to the corporation in a sum aggregating several thousands of dollars, for which he had failed to account to the corporation or to defendants, defendants were prejudiced by the action of the trial court in entering a final judgment against defendants and in favor of plaintiff for the amount sued for and directing defendants to convey to plaintiff all interest in all book accounts, stock, supplies, etc., without an accounting.

(1) 13 C. J., p. 735, n. 47 New, p. 798, n. 67 New.   (2) 13 C. J., p. 798, n. 67 New.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Reversed.

The facts are stated in the opinion of the court.

Joseph L. Taaffe and Leon Samuels for Appellants.

J. J. Dunne and James Walter Scott for Respondent.

NOURSE, J.—Plaintiff sued the defendants upon a written contract, pleading it *in haec verba,* and prayed for the recovery of the sum of six thousand dollars alleged to be due under the terms of the contract and for other or additional relief in the premises as may be according to law. The defendants answered specifically pleading fraud and misrepresentation on the part of the plaintiff in the procurement of the contract and mistake in the execution of the contract and by way of cross-complaint demanded a cancellation thereof as well as damages for the alleged fraud. At the trial evidence was offered in support of the allegations of the cross-complaint, whereupon the trial court upon motion of plaintiff granted a nonsuit against the defendants thereon. At the same time the trial court entered its order in the minutes that an interlocutory decree be granted in favor of the plaintiff as prayed. Thereafter findings of fact and conclusions of law were prepared and filed by the trial court wherein the court with particular care found against the defendants upon all the allegations of their cross-complaint and found in favor of the plaintiff upon the allegations of

his complaint and then concluded that the plaintiff was entitled to a judgment in the sum of six thousand dollars specified in the contract and that the defendants should convey to the plaintiff the Pearson Garage "together with the appurtenances thereof, including book accounts, bills receivable, stock, supplies, equipment, and all other personal property therein contained." Judgment followed accordingly for the plaintiff, from which the defendants have appealed upon a typewritten record.

[1] A brief statement of facts of the case will be sufficient. The three parties were owners in equal proportions of all the shares of stock of a corporation which operated three public garages in the city and county of San Francisco—the Pearson Garage, the United States Garage, and the Pearson Annex. On February 25, 1920, the three parties entered into a written agreement wherein it was stipulated that upon the payment of six thousand dollars by the appellants to the respondent he would transfer to appellants all his interest in the United States Garage and the Pearson Annex and that at the same time the appellants would transfer to the respondent all their interest in the Pearson Garage. Though no provision was made for the disposition of the shares of stock of the corporation it seems to have been in the contemplation of the parties that they were really acting as partners in a joint adventure and that they did not regard the corporation as anything more than a name under which they could conveniently conduct their business. It is conceded that by the terms of the agreement the respondent was to take all the interest in the Pearson Garage owned or claimed by the two appellants as well as any interest which the corporation may have had therein and that the same interest in the other two garages was to be transferred to the appellants. The fourth stipulation of the agreement is the one which is of importance to the decision and we quote it in full: "All other matters of difference among said parties, including book accounts, stock, supplies, individual over-drafts or indebtedness, and other matters, shall be equitably adjusted among said parties, according to the facts as they may appear; and to that end, an expert accountant may be employed, at the expense of all said parties, in equal shares, to state an account or accounts among said parties, so that their respective

rights and obligations may satisfactorily appear; said adjustment to be made to March 15, 1920.''

It is vigorously insisted by appellants that by the terms of this agreement an equitable adjustment of all the book accounts, stock, supplies, and other personal property connected with or situated in the three garages was to be made in accordance with the respective interests of each party as indicated by his ownership in the corporation. It is also argued that inasmuch as the trial court throughout the course of the hearing refused to hear evidence offered by the appellants covering these outstanding accounts, supplies, and other personal property upon the ground that such evidence was admissible only for the purpose of an accounting and that such accounting would be ordered at the termination of the hearing, the appellants were therefore prejudicially injured by the entry of the judgment, final in form, which denied them an accounting and awarded the respondent a recovery far beyond the terms of the contract. It is further argued that by the terms of the judgment the respondent was awarded all the outstanding book accounts, bills receivable, stock, supplies, equipment, and all other personal property connected with the Pearson Garage without any evidence whatever to show the value thereof or the value of the book accounts and other personal property connected with the United States Garage and the Pearson Annex, which were ordered transferred to the appellants, and that by this judgment the court made for the parties a contract which was never within their contemplation at the time of the execution of the written agreement of February 25, 1920.

In support of their argument the appellants cite numerous passages from the reporter's transcript showing that from the beginning to the end of the trial all the parties and the trial court took the position that all matters of accounting were to be submitted to a referee at the termination of the hearing before the trial court, and that at that time an interlocutory decree only would be entered and a referee would then be appointed. It is also pointed out that all the parties conceded that they were the owners in equal shares of all the property of the corporation which, of course, included the book accounts, bills receivable, and other personal property located in each of the garages which the

corporation was conducting. When, therefore, the trial court without evidence and without a hearing ordered the appellants to transfer to the respondent all interest in all book accounts, stock, and other personal property appurtenant to or contained in the Pearson Garage it denied to the appellants their right to an accounting of these respective interests. The respondent's only effort to sustain this proceeding is that the appellants did not in their pleading demand an accounting, but merely prayed that the contract be canceled and that they have judgment for damages against the respondent upon their cross-complaint. The obvious answer to this is that the contract upon which the suit is based expressly provided for an accounting and that it was not necessary, therefore, that the appellants demand an accounting in their pleading, but they were justified in relying upon a performance of the contract. It should also be noted in this connection that throughout the complaint it is alleged that the respondent had demanded a performance of the contract in all its terms, including the equitable adjustment of all the differences between the parties as required by the agreement which relates, of course, to the provisions of paragraph 4 of the agreement above quoted. Thus from the filing of the complaint to the completion of the trial the appellants were led to believe that an accounting would be had. [2] Inasmuch as the undisputed evidence showed that the respondent had collected outstanding accounts belonging to the corporation in a sum over twelve thousand dollars, for which he had failed to account to the corporation or to the appellants, the prejudice to the appellants in the entry of the final judgment without an accounting is apparent. It is not necessary to consider any of the other errors assigned by appellants.

Judgment reversed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition by respondent to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court on July 22, 1926.